UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHAEL MASSEY,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.
                                                /

Case Number 16-02499
Criminal Case Number 11-00012
Honorable David M. Lawson

## **OPINION AND ORDER GRANTING MOTION TO VACATE SENTENCE**

The term "violent felony" as used in several statutes to denominate certain sentencing-enhancing predicate offenses has been the subject of several appellate decisions that are critical of the definitional language. *See generally Plagued By Vagueness: The Effect of* Johnson v. United States *and the Constitutionality of 18 U.S.C. § 924(c)(3)(B)*, 54 No. 4 Crim. Law Bulletin ART 3 (Summer 2018). The Supreme Court declared one component defining the term — the so-called "residual clause" — void for vagueness in the context of predicate offenses used to enhance sentences under the Armed Career Criminal Act. *See Johnson v. United States*, 576 U.S. ---, 135 S. Ct. 2551 (2015) (invalidating part of 28 U.S.C. § 922(e)(2)(B)(ii)). The Court also invalidated part of the definition of "crime of violence" found in the criminal code, which lent that definition to the Immigration and Nationality Act. *See Sessions v. Dimaya*, --- U.S. ---, 138 S. Ct. 1204 (2018) (finding 18 U.S.C. § 16(b) void for vagueness). The identical offending language is found in 18 U.S.C. § 924(c), which punishes, among other things, the possession of a firearm in furtherance of a crime of violence. The Supreme Court last term followed form and held that the residual clause, which defined an element of that crime, also was void for vagueness. *United States v. Davis*, --- U.S. ---, 139 S. Ct. 2319 (2019) (holding that 18 U.S.C. § 924(c)(3)(B) is unconstitutional).

Petitioner Michael Massey pleaded guilty to conspiracy to commit Hobbs Act Robbery (two counts), contrary to 18 U.S.C. § 1951, and using a firearm during and in relation to a "crime of violence" resulting in death, 18 U.S.C. § 924(c), (j) (Count 12 of the Second Superseding Indictment). The Hobbs Act conspiracies were alleged by the government to constitute the crime-of-violence element for the section 924(c) conviction, which was aggravated by the death resulting circumstance under subsection (j). Massey now moves to vacate his substantial prison sentence on Count 12 — 336 months — under 28 U.S.C. § 2255, arguing that the Hobbs Act conspiracy could qualify as a crime of violence only under the residual clause, which the Supreme Court has found unconstitutional. After reviewing the petitioner's motion, the Court must agree. The section 924(c), (j) conviction will be vacated, and Massey will be resentenced on the remaining convictions.

I

Massey pleaded guilty to one count of using a firearm in furtherance of a crime of violence, resulting in death, and two counts of conspiracy to commit Hobbs Act Robbery. He was sentenced on September 29, 2015 to prison terms of 240 months on the conspiracy counts and 336 months on the 924(j) count, with those sentences to run concurrently. He did not appeal his convictions or sentence.

On September 19, 2016, Massey filed a motion to vacate his sentence under 28 U.S.C. § 2255 in which he argued that the crime of conspiracy to commit Hobbes Act Robbery no longer qualifies as a "crime of violence," as that term is defined in section 924(c), because the language of the statutory definition is unconstitutionally vague under the rule of *Johnson v. United States*.

II.

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeds the maximum penalty allowed by law, or it "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

The only "crimes of violence" predicate offenses for the section 924(c), (j) conviction in this case were the contemporaneous convictions for conspiracy to commit Hobbs Act Robbery. Section 924(c) "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of,' any federal 'crime of violence or drug trafficking crime.'" *Davis*, 139 S. Ct. at 2324 (quoting 18 U.S.C. § 924(c)(1)(A)). "The statute proceeds to define the term 'crime of violence' in two subparts — the first known as the elements clause [section 924(c)(3)(A)], and the second the residual clause [section 924(c)(3)(B)]." *Ibid.* "According to § 924(c)(3), a crime of violence is 'an offense that is a felony' and '(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.'" *Ibid.* (quoting 18 U.S.C. § 924(c)(3)). Section 924(j) further enhances the penalty for a 924(c) violation where the crime results in the death of a person.

In *Davis*, the Supreme Court scrutinized the language of section 924(c)(3)(B), applying the principles announced by it in *Johnson* and *Dimaya*. Based on those principles, the Supreme Court

held that the identically worded penalty provision in section 924(c)(3)(B) also is unconstitutionally vague. *Id.* at 2336. Thus, deprived of any constitutionally sound footing under the now defunct residual clause, Massey's 924(c), (j) conviction presently can stand only if the crime of conspiracy to commit Hobbs Act Robbery qualifies as a "crime of violence" under the elements clause in section 924(c)(3)(A).

"Since 1990, the Supreme Court has instructed federal sentencing courts to use the 'categorical approach' to determine whether a defendant's [predicate convictions] have as an element the use, attempted use, or threatened use of physical force against the person of another." *United States v. Burris*, 912 F.3d 386, 392 (6th Cir. 2019) (citing *Descamps v. United States*, 570 U.S. 254, 260-61 (2013)) (quotations omitted). "The question for the [Court] in the elements-clause context is whether every defendant convicted of [the offense] must have used, attempted to use, or threatened to use physical force against the person of another in order to have been convicted, not whether the particular defendant actually used, attempted to use, or threatened to use physical force against the person of another in that particular case." *Ibid.* Thus, "[u]nder the categorical approach, courts look only to the statutory definitions (or elements) of the statute of conviction — not to the particular facts of the defendant's crime." *United States v. Johnson*, 933 F.3d 540, 543 (6th Cir. 2019) (citing *Descamps*, 570 U.S. at 260-61). When doing so, the Court must "assume that the defendant's conduct rested on nothing more than the least of the acts criminalized," and "[i]f the least of those acts constitutes a crime of violence, the conviction qualifies." *Ibid.* (citations omitted).

Under section 1951(a) of Title 28, persons may be convicted of conspiracy to commit Hobbs Act Robbery where they "conspire to 'in any way or degree obstruct[], delay[], or affect[] commerce or the movement of any article or commodity in commerce, by robbery.'" *United States*

*v. Ledbetter*, 929 F.3d 338, 360-61 (6th Cir. 2019) (quoting 18 U.S.C. § 1951(a)). The *Ledbetter* court observed that "conspiracy to commit Hobbs Act robbery qualifies only if it meets § 924(c)(3)(B)'s residual definition," and, following the invalidation of that clause in *Davis*, held that the 924(c) convictions predicated on the conspiracy offense must be vacated. *Id.* at 361.

Other courts of appeals that squarely have addressed the issue similarly have concluded that conspiracy to commit Hobbs Act Robbery cannot qualify under the elemental clause in section 924(c)(3)(A), because it does not require proof of any element directly implicating the use of force. In *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019), the Fourth Circuit sitting *en banc* held that "conspiracy to commit Hobbs Act robbery [] does not categorically qualify as a crime of violence under the elements-based categorical approach[,] because to convict a defendant of this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act[, and] such an agreement does not invariably require the actual, attempted, or threatened use of physical force," *id.* at 233-34. Similarly, in *United States v. Davis*, 903 F.3d 483 (5th Cir. 2018), the Fifth Circuit held that "conspiracy to commit an offense is merely an agreement to commit an offense. Therefore . . . the conspiracy offense does not necessarily require proof that a defendant used, attempted to use, or threatened to use force," *id.* at 485. The Fifth Circuit went on to conclude that section 924(c)(3)(B) was unconstitutionally vague, and its holding on that point was affirmed by the Supreme Court in *Davis*, 139 S. Ct. 2319, although the judgment was vacated on other grounds.

III.

The petitioner's convictions for conspiracy to commit Hobbs Act Robbery do not qualify as crimes of violence under the elements clause of section 924(c)(3)(A), and they cannot qualify under the now invalidated residual clause of section 924(c)(3)(B). There are no other qualifying

predicate offenses to support the conviction under section 924(c), (j). The petitioner therefore has established that he is in custody in violation of the federal constitution, and his motion to vacate his sentence will be granted.

Accordingly, it is **ORDERED** that the petitioner's motion to vacate his sentence is **GRANTED**.

It is further **ORDERED** that the petitioner's conviction of and sentence for possession of a firearm in furtherance of a crime of violence, contrary to 18 U.S.C. § 924(j), is **VACATED**.

It is further **ORDERED** that the petitioner shall be resentenced on the remaining convictions, and the probation department is directed to prepare a new presentence report.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge  
Sitting by special designation

Date: September 27, 2019